## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) MATTHEW HINKLE** )<br>)<br>and )<br>)<br>**(2) SALLY HINKLE,** )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>**(1) FREEDOM MORTGAGE** )<br>    **CORPORATION** )<br>)<br>and )<br>)<br>**(2) EQUIFAX INFORMATION** )<br>    **SERVICES LLC** )<br>)<br>and )<br>)<br>**(3) EXPERIAN INFORMATION** )<br>    **SOLUTIONS, INC.** )<br>)<br>    Defendants. ) | **CIVIL ACTION NO.  CIV-19-583-R**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### PRELIMINARY STATEMENT

1.   This is an action brought by individual consumers against Freedom Mortgage Corporation, Equifax Information Services LLC and Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

### JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.   Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Matthew Hinkle is an adult individual residing in the State of Oklahoma.

5. Plaintiff Sally Hinkle is an adult individual residing in the State of Oklahoma.

6. Defendant Freedom Mortgage Corporation ("FMC") is a business entity that regularly conducts business within the Western District of Oklahoma, and is headquartered at 907 Pleasant Valley Avenue, Suite 3, Mount Laurel, NJ 08054.

7. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Western District of Oklahoma, and which has a principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309.

8. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Western District of Oklahoma and which has a principal place of business located at 475 Anton Blvd. Costa Mesa, CA 92626.

## FACTUAL ALLEGATIONS

9. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history to third parties ("inaccurate information") from at least May 2018 through present.

10. The inaccurate information includes but is not limited to a mortgage account held by FMC, which is incorrectly reporting as open, subject to an active foreclosure proceeding, with a $435,210 balance, and a $62,854 past due amount. The FMC account should be reporting as having a completed foreclosure from early-2017, no balance, and no past due amount.

11. The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor and Plaintiffs' creditworthiness.

12. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendants have repeatedly published and disseminated consumer reports to such third parties from at least May 2018 through the present.

13. Plaintiffs have disputed the inaccurate information with Equifax and Experian from May 2018 through the present.

14. Notwithstanding Plaintiffs' efforts, Equifax and Experian have sent Plaintiffs correspondence indicating their intent to continue publishing the inaccurate information and Equifax and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least May 2018 through the present.

15. Despite Plaintiffs' efforts, Equifax and Experian have never: (1) contacted Plaintiffs to follow up on, verify and/or elicit more specific information about Plaintiffs' disputes; (2) contacted all third parties that would have relevant information concerning Plaintiffs' disputes; (3) forwarded any relevant information concerning Plaintiffs' disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any relevant account documents from the entities furnishing the inaccurate information.

16. Despite Plaintiffs' exhaustive efforts to date, Equifax and Experian nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform

reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiffs.

17. Notwithstanding Plaintiffs' disputes, FMC has also failed to conduct timely and reasonable investigations of Plaintiffs' disputes after being contacted by the relevant credit reporting agencies concerning Plaintiffs' disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above account as disputed.

18. As a result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiffs herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiffs v. FMC)

21. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto FMC was a "person" as that term defined by 15 U.S.C. § 1681a(b).

23. At all times pertinent hereto FMC was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

24. FMC violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

25. FMC's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiffs that are outlined more fully above, and as a result FMC is liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**COUNT TWO – VIOLATIONS OF THE FCRA**
**(Plaintiffs v. Equifax and Experian)**

26. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Equifax and Experian were "person[s]" and "consumer reporting agenc[ies]" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

28. At all times pertinent hereto, Plaintiffs were "consumer[s]" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax and Experian are liable to the Plaintiffs for willfully and negligently failing to comply with the requirements

imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

31. The conduct of Equifax and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiffs that are outlined more fully above and, as a result, Equifax and Experian are liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

32. Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

Costs and reasonable attorney's fees; and

(d) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
CONSUMER PROTECTION FIRM
4835 South Peoria Avenue, Suite 1
Tulsa, OK 74105
Telephone: (918) 200-9272
Facsimile: (918) 895-9774
6359@paramount-law.net

Joseph L. Gentilcore, Esq.*
Francis & Mailman, P.C.
1600 Market Street
Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiff**